Darrell L. VALENTINE,
Plaintiff-Appellant,

v.

JOLIET TOWNSHIP HIGH SCHOOL
DISTRICT NO. 204, et al.,
Defendants-Appellees.

No. 85–2717.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1986.
Decided Oct. 8, 1986.

Susan Marie Connor, Chicago, Ill., for plaintiff-appellant.

Alan O. Amos, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and WOOD, and POSNER, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff appeals the grant of summary judgment for the defendants in his action against the Joliet Township High School District and certain school officials. The defendants did not reinstate plaintiff as a guidance counselor after he was discharged in a reduction in the defendants' work force and was subsequently recalled as a teacher. Plaintiff claims an entitlement to the job of guidance counselor and alleges that the defendants' refusal to recall him to that position without due process violates the fourteenth amendment and 42 U.S.C. § 1983 (1982).[1] Summary judgment was properly granted, and therefore, we affirm.

## I.

The following facts are undisputed. The defendants hired plaintiff in September 1971, and he was initially given the extra-pay position of guidance counselor. At that time he was certified by the state as a guidance counselor, but not as a teacher. He has since been certified as a teacher. In 1973 plaintiff became a tenured teacher. In May 1980, January 1981, and October 1982, the school district reduced its teaching force in the process of consolidating three school districts into two. Plaintiff was discharged each time, but was rehired for the following school year. Upon recall plaintiff was assigned a position as a social studies teacher, not as a guidance counselor. Plaintiff accepted the position and has been teaching social studies under contract since 1981. The reductions in force were instituted on the basis of seniority, with the

---

1. In his reply brief, plaintiff attempts to recharacterize this as a suit about the improper discharge of and failure to rehire plaintiff. The complaint, however, does not allege that plaintiff's discharge during the reductions in force was improper, and it is undisputed that plaintiff was rehired promptly after each reduction in force. Plaintiff's complaint basically contends that the defendants improperly refused to offer him a guidance counselor position when one became available after plaintiff had been rehired as a teacher. As our discussion of this case indicates, however, the defendants had no continuing duty to tender job offers to plaintiff after he had been rehired.

least senior personnel being terminated first and recalled last.

Plaintiff's complaint alleged that the school district's failure to recall him as a guidance counselor deprived him of a position to which he was entitled. Plaintiff alleged that the contracts to teach social studies resulted in a significant loss of pay and prestige. Plaintiff claimed that the defendants hired persons with less seniority to fill available guidance counselor positions without giving him notice or a hearing or any explanation. Plaintiff also alleged that as a result of defendants' representations that he would be recalled to a guidance counselor position he lost wages and suffered mental anguish and professional and personal embarrassment. Plaintiff further alleged that the defendants' refusal to restore him to the position of guidance counselor impaired his interest in his good name, reputation, honor, integrity, and his tangible interest in employment.

Plaintiff claims four bases for his alleged entitlement to the position of guidance counselor: (1) state statute; (2) an implied contract with the school district; (3) oral assurances by three defendants, *viz.*, the district superintendent, assistant superintendent, and principal; and (4) the defendants' policy. Plaintiff seeks a declaratory judgment, reinstatement as a guidance counselor, compensatory and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988 (1982). The defendants filed a motion for summary judgment supported by the affidavit of the defendant assistant superintendent. Plaintiff did not file a counteraffidavit. Having determined that plaintiff does not have a protectible interest in his former position as a guidance counselor, the district court granted summary judgment for the defendants.

## II.

Plaintiff claims that the defendants' failure to offer him, without a hearing, the position of guidance counselor when that position was available deprived him of a property interest without due process. To establish a right to a hearing, plaintiff must show that "there are [existing] rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). "For '[p]roperty interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" *Id.* at 602 n. 7, 92 S.Ct. at 2700 n. 7 (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)).[2] *See Smith v. Board of Education of Urbana School District No. 116,* 708 F.2d 258, 262 (7th Cir.1983).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). An appellate court reviewing a grant of summary judgment must view the record and any inferences in the light most favorable to the nonmovant. A grant of summary judgment will be reversed if inferences contrary to those drawn by the trial court might be permissible. *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985).

### A. Statutory Entitlement

Plaintiff claims that Ill.Rev.Stat. ch. 122, §§ 24–12, 24–11, and 21–25 give him an entitlement to the guidance counselor position and that the school district deprived him of that entitlement by failing to recall him to a guidance counselor position while recalling or hiring less senior persons to this position.

Section 24–12 provides in relevant part:

---

**2.** In *Board of Regents,* the Court determined that neither the terms of plaintiff's one-year employment, nor any university rule or policy, nor any state statute supported the plaintiff's claim of legitimate entitlement to reemployment. 408 U.S. at 578, 92 S.Ct. at 2709. Consequently, the Court held that the plaintiff did not have a property interest sufficient to require university officials to hold a hearing when they did not renew his employment. *Id.*

If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board ... [and] [i]f the board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions. Ill.Rev.Stat. ch. 122, § 24–12 (1985). Section 24–11 defines "teacher" as "any or all school district employees regularly required to be certified under laws relating to the certification of teachers." Ill.Rev.Stat. ch. 122, § 24–11 (1985). Section 21–25 provides that "[t]he holder of such [a school service personnel] certificate shall be entitled to all of the rights and privileges granted holders of a valid teaching certificate, including teacher benefits, compensation and working conditions." Ill.Rev.Stat. ch. 122, § 21–25 (1985).

■ These sections do not establish a statutory entitlement to a specific position upon recall after a reduction in force. The statute provides for discharge and recall according to seniority to "any vacancies" for the following school year or occurring within one year. In contrast, any teacher dismissed or removed for any other reason or cause than a reduction-in-force and reinstated after a hearing or grievance adjudication "shall be assigned by the board to a position substantially similar to the one which that teacher held prior to that teacher's suspension or dismissal." Ill.Rev.Stat. ch. 122, § 24–12 (1985). Indeed, the Illinois

appellate court has interpreted these provisions to make it "clear that a teacher or other certified school district employee does not acquire tenure in any particular assignment or position within the District, but only as a certified employee of the school district." *Newby v. Board of Education*, 53 Ill.App.3d 835, 11 Ill.Dec. 560, 561, 368 N.E.2d 1306, 1307 (2d Dist.1977).

Under the Illinois statute, plaintiff was entitled to be offered any available vacancy, according to his seniority, for which he was legally qualified. After each reduction in force, plaintiff was offered a position as a social studies teacher, which he accepted. Plaintiff thus has been afforded his rights under the statute, and the statute does not establish an entitlement to the position of guidance counselor. Plaintiff was tenured as a teacher and entitled under the statute to be recalled according to seniority to some teaching position for which he was legally qualified. This was done.[3] Plaintiff, however, was not entitled by statute to his former position. Plaintiff has not established a property interest, based upon the statute, in the guidance counselor position which would require a hearing by the school district on its failure to offer him such a position.

## B. Contractual Entitlement

Plaintiff's second basis for his claim of a property interest is contractual. Plaintiff alleges in Count I, paragraph 1, of his complaint that he "was hired on [sic] or about September 1971 by Defendant School Board as a guidance counselor and held that position until his honorable discharge

---

3. In his brief, plaintiff states that when he was recalled in 1980 as a social studies teacher he was not certified for that position, referring to Count I, paragraph 2, and Count V, paragraphs 7–9, of his complaint. Because this is an appeal from a summary judgment, we must view the record in the light most favorable to plaintiff. Plaintiff's complaint, however, does not allege that plaintiff was not certified as a teacher when he was rehired. Paragraph 2 of Count I alleges only that plaintiff "was subsequently provided a contract to teach social studies during the 1981–82 and the 1982–83 school years." Likewise, paragraphs 8 and 9 of Count V state: "Several

guidance counseling positions became available after the effective date of Plaintiff's honorable discharge.... Plaintiff applied and was qualified for the position of guidance counselor in the years 1981 through 1984." Furthermore, paragraph 1 of Count I states that "Plaintiff became a tenured teacher on [sic] or about April 1973." Moreover, even if plaintiff was not certified when he accepted the position of social studies teacher, the issue of whether the tender of a teaching position was proper is irrelevant to this case. Here the issue is whether the defendant has a legitimate entitlement to the position of guidance counselor.

on [sic] or about June 1983." Plaintiff argues that this suffices as "a short and plain statement" under Rule 8(a) to give notice of plaintiff's claim of contractual entitlement. Fed.R.Civ.P. 8(a).

■ Plaintiff's allegation may be sufficient notice of the claim, but the mere allegation that plaintiff was hired as a guidance counselor and retained in that position for a number of years does not provide sufficient facts to support a claim of contractual entitlement and avoid summary judgment on this issue. Rule 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation that plaintiff was hired as a guidance counselor does not establish a contractual entitlement, nor does it even contain sufficient facts to establish that a genuine issue exists.

Furthermore, the relevant contract, the collective bargaining agreement between plaintiff's union and the school district for the years 1980 to 1984, specifically provides: "All extra-pay assignments shall be contracted with the individual on an annual basis and shall not be subject to the tenure laws of the State. Extra-pay assignments will be posted as vacancies as needs are determined by the administration."

### C. Oral Assurances

Plaintiff next contends that he has a property interest through an implied contract based on oral assurances from the defendant administrators that they would recall guidance counselors according to their seniority and that he would soon be recalled as a guidance counselor. Plaintiff asserts that he detrimentally relied upon these assurances. Plaintiff further argues that he had been hired by the school district as a counselor, had performed his

duties capably for nearly ten years, and that when recalled as a teacher in 1981 he was qualified and certified as a guidance counselor but not as a teacher.[4] From these facts, plaintiff argues, a "meeting of the minds" that plaintiff was to be recalled as a guidance counselor can be inferred.

Count I of plaintiff's complaint states that "Plaintiff was hired on [sic] or about September 1971 by Defendant School Board as a guidance counselor and held that position until his honorable discharge on [sic] or about June 1983. Plaintiff became a tenured teacher on [sic] or about April 1973. At all times during his employment as a guidance counselor, Plaintiff performed his duties in an efficient, creditable and acceptable manner." Count I, ¶ 1. Plaintiff's complaint also alleges that the defendant administrators, "acting in their official capacities, made oral promises to plaintiff that honorably discharged employees, including guidance counselors, would be returned to their former positions on the basis of seniority. Plaintiff made an implicit promise to forego and did forego various employment opportunities in reliance on Defendants' promises." Count I, ¶ 5.

The defendant administrators in their answer deny that they made oral promises to plaintiff that honorably discharged employees, including guidance counselors, would be returned to their former positions according to seniority. The defendant administrators further deny in their answer that plaintiff made any implicit promise to forego other employment opportunities. The answer also asserts that the defendants have insufficient information to form a belief about whether plaintiff did forego other employment opportunities, but reiterates that the defendants never made any promises upon which plaintiff could have relied.

Supporting their motion for summary judgment, the defendants submitted the affidavit of defendant Harold Miller, Assistant Superintendent for Educational Services of the school district, which stated that the school district has never had a policy of awarding extra-pay positions on the basis

**4.** *See supra* note 3.

of seniority and that the assignment of guidance counselor has at all relevant times been an extra-pay position. The defendants also submitted several sections of the school district's administrative handbook, one of which deals with the selection of personnel for extra-pay positions and the collective-bargaining contract between plaintiff's union and the school district.

Plaintiff argues that the defendants' denials create a genuine issue of material fact about plaintiff's claim of entitlement to his former position. The Supreme Court recently discussed the proper approach to determining whether a genuine issue of material fact exists that would preclude summary judgment. In *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court reaffirmed that in ruling on a motion for summary judgment the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence or the credibility of witnesses. The trial judge must decide "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 2511.

The Court noted that although the moving party must establish that there is no material issue of fact, the nonmoving party must in turn produce evidence that would support a jury verdict. *Id.* at 2511, 2514. Relying upon Rule 56(e), the Court indicated that the opposing party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment" and may not rest upon allegations or denials of the pleading. *Id.* at 2514. This "affirmative evidence" must be such that a jury might return a verdict in that party's favor as the inquiry in a summary judgment determination is essentially "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 2512. Thus,

[i]f the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id.*

In *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court determined that Rule 56 does not require the moving party to support its summary judgment motion with affidavits. Instead, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 2553. The moving party, however, need not support its motion with affidavits or other evidence negating the nonmoving party's claim. *Id.* Once the moving party files such a properly supported motion, the nonmoving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), except merely the pleadings themselves. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 2552–53.

In this case, plaintiff failed to present any affirmative evidence of these alleged oral assurances. In response to defendants' motion, plaintiff filed a brief,

but did not file an affidavit or any other evidence establishing a genuine issue of fact for trial. Plaintiff therefore rested only on his allegations and did not produce any evidence that would support a jury verdict. The conclusory allegations in plaintiff's complaint alone are not sufficient to oppose a motion for summary judgment. By the time the defendants filed their motion, discovery had almost been completed. Plaintiff could have filed his own affidavit with facts such as the types of assurances made to him, approximately when the assurances were made, and approximately how many and what types of employment opportunities he let pass in reliance on those assurances. By relying only upon his complaint, plaintiff has failed to establish any material issue of fact requiring a trial, and therefore summary judgment was appropriate if the defendants are entitled to judgment as a matter of law.

Plaintiff argues that while the defendant administrators may not have had *actual* authority to bind the school district by their oral assurances to plaintiff, the administrators had *apparent* authority and acted under color of law which is sufficient under *Vail v. Board of Education,* 706 F.2d 1435 (7th Cir.1983), *aff'd,* 466 U.S. 377, 104 S.Ct. 2144, 80 L.Ed.2d 377 (1984).

*Vail* presented a significantly different situation than the one facing us, however. In *Vail,* the Board of Education itself was involved in hiring the plaintiff. The Board sought out the plaintiff and induced him to leave his job of ten years on the promise of a two-year contract. The plaintiff, Vail, had expressed concern to the Board's search committee about the security of the proposed job and about the length of the contract. The search committee replied that the Board determined the length of contracts and that the committee could commit to only a one-year contract. Thereafter the Board met in special session and unanimously decided to hire the plaintiff with an assurance of a two-year contract. The Board delegated the superintendent of schools to convey the offer of a one-year contract to be renewed at the end of the year. The plaintiff accepted the offer, quit his job of ten years, and moved from his home of thirteen years to the community to assume his duties. The following year the Board voted in a public session not to renew the contract. The plaintiff was not given any explanation.

The court affirmed the district court's finding, after a bench trial, that the Board deprived the plaintiff of his legitimate expectation of continued employment by failing to renew his contract without notice or a hearing. The district court had found, based upon the testimony of certain witnesses, that there was an implied contract for a two-year term. This court refused to overturn the district court's findings of fact. The court also found no merit in the Board's argument that an implied contract, if found, was unenforceable under the Illinois Teacher Tenure Act and the Illinois Statute of Frauds. The court then stated that "[e]ven if we were to assume *arguendo* that no *enforceable* contract under state law existed between Vail and the Board, we are not prepared to hold that this alone precludes the establishment of a protected property interest. The Civil Rights Act itself speaks of actions taken under *color* of state law and not under authority of state law." 706 F.2d at 1440 (emphases in original). The court then reiterated that the plaintiff's expectations of continued employment were legitimate and were denied by the Board's actions. The court noted the plaintiff's reliance and the reasonableness of his reliance.

In this case, plaintiff does not assert that the Board of Education promised him his former position, nor that he quit his job on the strength of the alleged promise. In *Vail,* the Board of Education, which is authorized to appoint all teachers and certified employees, Ill.Rev.Stat. ch. 122, § 10–20.7 (1985), assured the plaintiff, through a representative, of a renewal of his one-year contract. In this case, the plaintiff alleges he received assurances from school administrators who were not authorized to and could not bind the school board. *See Hadley v. County of Du Page,* 715 F.2d 1238,

1242 (7th Cir.1983) (assurances by individual county board members not sufficient to create property interest as individual members are not authorized to bind the board), *cert. denied,* 465 U.S. 1006, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984). Plaintiff's reliance in the form of foregoing other employment also is not of the same magnitude as the demonstrated reliance of the plaintiff in *Vail. See Smith,* 708 F.2d at 264 (" 'It is not sufficient consideration for a contract of permanent employment to forego another employment opportunity.' ") (quoting *Heuvelman v. Triplett Electric Instrument Co.,* 23 Ill.App.2d 231, 161 N.E.2d 875, 878 (1st Dist.1959)). Finally, even assuming that the school administrators did assure the plaintiff that honorably discharged employees, including guidance counselors, would be recalled to their former positions on the basis of seniority, that assurance amounts to no more than "informal assurances" similar to the assurances given the plaintiff in *McElearney v. University of Illinois,* 612 F.2d 285 (7th Cir. 1979) (per curiam), which are to be contrasted with the definite assurance given in *Vail.*

In *McElearney,* the plaintiff received assurances from his department head that his progress was satisfactory. The plaintiff argued that these reassurances and a promotion from research associate to assistant professor implied that he would receive tenure. This court disagreed and affirmed the district court's dismissal for failure to state a claim. The court agreed that these assurances and an interim promotion did not create a property interest in employment "against the background of formal, explicit rules governing the tenure status of faculty members." *Id.* at 290 app.

Such formal, explicit rules regarding the assignment of extra-pay positions such as guidance counselor exist in this case also. The contract between the union and the school district clearly specifies that these positions "shall be contracted with the individual on an annual basis and shall not be subject to the tenure laws of the State." The Administrative Handbook for the school district echoes this language. Furthermore, the tenure provision of the Illinois statute establishes a right to continued employment with the school district, but not a right to a specific position. *Lester v. Board of Education,* 87 Ill.App.2d 269, 230 N.E.2d 893, 898 (2d Dist.1967) ("[W]e construe section 24–11 of the School Code to provide that a superintendent in the public schools does not acquire tenure in the position of superintendent, but rather acquires tenure as a certified employee of the school district."); *Newby v. Board of Education,* 53 Ill.App.3d 835, 11 Ill.Dec. 560, 561, 368 N.E.2d 1306, 1307 (2d Dist.1977). The recall provision requires the Board to tender available positions to teachers removed or dismissed in a reduction-in-force "so far as they are legally qualified to hold such positions." This authorized the Board to assign tenured employees to any position for which they are qualified, not just to their former positions.

*D. Policy Entitlement*

Plaintiff's final alleged basis for his claim is that the defendants have a policy of recalling employees to their former positions which amounts to a *de facto* tenure system. The plaintiff argues that this policy exists despite the mandates of the collective bargaining agreement and the administrative handbook which limit the assignments to one-year terms and base the assignments on candidate qualifications. Plaintiff asserts that regardless of the written policy, existing policy in the school district operates to create the equivalent of tenure. Plaintiff argues that whether the *de facto* tenure policy exists is an issue of fact that precludes summary judgment.

In support of their motion, the defendants submitted the affidavit of Harold Miller, an assistant superintendent for the school district, who denied that the school district had a policy of assigning extra-pay positions according to seniority. In response, plaintiff simply rested on the allegation in his complaint that such a policy exists. As discussed earlier, plaintiff's bare allegation in his complaint is not sufficient to establish the existence of a factual dispute requiring submission to a jury.

Fed.R.Civ.P. 56(c). *See Anderson*, 106 S.Ct. at 2511, 2514. In response to defendant's properly supported motion for summary judgment, plaintiff failed to produce any affirmative evidence, such as an affidavit describing instances in which the district court had applied the *de facto* policy, that would support a jury verdict in his favor. Plaintiff has therefore failed to establish the existence of a sufficient disagreement requiring submission to the jury and therefore summary judgment for the defendants on this issue was appropriate. *See supra* section II(C).

As no material factual dispute exists and the defendants are entitled to judgment as a matter of law, the district court's grant of summary judgment is

AFFIRMED.