**IMPERIAL SERVICE SYSTEMS, INC., Plaintiff,**

v.

**ISS INTERNATIONAL SERVICE SYSTEM, INC., Defendant.**

No. 87 C 5959.

United States District Court, N.D. Illinois, E.D.

Dec. 5, 1988.

il Procedure 56 on Counts III and IV which allege violations of the Illinois Trademark Act, Ill.Rev.Stat., chap. 140, paras. 8–28 and the Illinois Uniform Deceptive Trade and Practice Act, Ill.Rev.Stat., chap. 121½, para. 312. Imperial's motion for summary judgment is denied for the following reasons.

I

*Rule 56 Summary Judgment*

Summary judgment pursuant to Federal Rules of Civil Procedure 56(c) is appropriate when the moving party uses the

> pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, [to] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). A material fact is one that "must be outcome determinative under the applicable law." *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (substantive law determines material facts); *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). A genuine dispute about a material fact arises when "the evidence is such that a reasonable jury could return a verdict for that party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

After the movant has made a properly supported summary judgment motion, "the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir. 1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986) (the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.") The nonmovant *may not* rely on the allegations or denials in its pleadings to

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

The plaintiff Imperial Service Systems, Inc. brings this six-count complaint against the defendant ISS International Service System, Inc. alleging violations of federal trademark law, Illinois law, and the common law. Imperial moves for summary judgment pursuant to Federal Rules of Civ-

establish a genuine issue of fact. *See* Fed. R.Civ.P. 56(e).

Furthermore, summary judgment *must* be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Finally, "the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses." *Valentine v. Joliet Township High School District,* 802 F.2d 981, 986 (7th Cir.1986) (emphasis added).

### Counts III & IV: Likelihood of Confusion

Imperial moves for summary judgment on Counts III and IV which allege violations of the Trademark Act and the Uniform Deceptive Trade Practices Act. To recover under these statutes, Imperial must demonstrate that a likelihood of confusion exists between its mark and the mark used by International. The court, of course, acknowledges that Imperial must also demonstrate that it has a valid trademark to be entitled to relief under the Trademark Act. *See Thompson v. Spring-Green Lawn Care Corp.,* 126 Ill. App.3d 99, 81 Ill.Dec. 202, 208, 466 N.E.2d 1004, 1010 (1st Dist.1984). The court will not reach this issue because there is a genuine dispute as to several material facts which must be considered when determining the existence of a likelihood of confusion. Nevertheless, the court notes that International has presented sufficient evi-

dence to raise a genuine dispute as to several material facts on the validity question including, for example, the issue of priority of use. *See, e.g.,* Declaration of IbJ. Goldschmidt at 1–2.[1] In addition, there is also a dispute as to whether Imperial has continually used the "ISS" designation since 1974. Although International, as Imperial notes, did not put forth any evidence on this question, the inconclusiveness of Imperial's evidence precludes summary judgment as to the issue of continual use. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–1610, 26 L.Ed.2d 142 (1970), *quoting* Fed.R.Civ.P. 56(e) advisory committee note (1963) (" 'Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.'* ") (emphasis added by the Supreme Court); *see also Equal Employment Opportunity Commission v. Sears, Roebuck & Co.,* 839 F.2d 302, 354 (7th Cir.1988) (same).

The determination of whether a likelihood of confusion exists is a question of fact. *McGraw-Edison Co. v. Walt Disney Productions,* 787 F.2d 1163, 1167 (7th Cir. 1986). Moreover, " '[a] variety of factors may be *material* in assessing the likelihood of confusion.' " *Id., quoting American International Group, Inc. v. London American International Corp., Ltd.,* 664 F.2d 348, 351 (2d Cir.1981) (emphasis added). Among the factors to consider are the

1) similarity of the marks; 2) similarity of the [service]; 3) area and manner of concurrent advertising and use; 4) degree of care likely to be exercised by [the] consumer; 5) strength of plaintiff's mark; 6) actual confusion; and 7) intent

---

**1.** Imperial objects to the Goldschmidt Declaration "as not being in compliance with Rule 56(e) in that the affidavit does not indicate that the statements recited therein are based on the personal knowledge of Mr. Goldschmidt." Imperial Reply In Support of Rule 12(e) Statement at 7. The court overrules this objection. Goldschmidt's Declaration contains specific facts that would tend to show that he has personal knowledge of the facts stated. For example, Goldschmidt states that he has been employed by the ISS–Group since 1967 and that he is

currently the executive vice-president of the Groups' parent company. The statements within his Declaration concern the activities of his company. *Cf. Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir.1988). In *Davis,* a portion of the plaintiff's affidavit was disregarded because it contained a "conclusory assertion, unsubstantiated with any specific facts, [which] fail[ed] to indicate any factual basis which would tend to show that he had personal knowledge of the matter." *Id.*

of the infringer to palm off its [services] as those of another.

*McGraw–Edison,* 787 F.2d at 1166 (citing to *Union Carbide Corp. v. Ever–Ready, Inc.,* 531 F.2d 366, 381–83 (7th Cir.), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976)). No factor, standing alone, is dispositive although the "similarity of the marks, intent of the alleged infringer, and evidence of actual confusion are considered 'the more important' factors." *W.H. Brady Co. v. Lem Products, Inc.,* 659 F.Supp. 1355, 1365 (N.D.Ill. 1987) (Nordberg, J.), *quoting Ziebart International Corp. v. After Market Associates, Inc.,* 802 F.2d 220, 226 (7th Cir.1986); *McGraw–Edison,* 787 F.2d at 1168.

In this case, there is no dispute as to two of the factors. Both parties provide similar services. Moreover, the parties have comparable service areas within Illinois. International markets its services within a sixty-mile radius of downtown Chicago as well as in the St. Louis area while Imperial's market has a seventy-five-mile radius of Chicago. In addition, Imperial has presented no evidence that International acted with the intent of palming off its services as those of Imperial. Finally, the parties have not addressed the strength of Imperial's mark as it relates to this analysis. The parties dispute the three remaining factors.

### a. Similarity of the Marks

When evaluating the similarity of two marks, the appropriate "test is the consumers' state of mind when faced with the marks individually." *Union Carbide,* 531 F.2d at 382; *see also Source Services Corp. v. Chicagoland JobSource, Inc.,* 643 F.Supp. 1523, 1528 (N.D.Ill.1986) (Shadur, J.). Consequently, the marks should not be evaluated with a side-by-side comparison. *Chicagoland JobSource,* 643 F.Supp. at 1528. The allegedly confusing marks need not be identical to establish liability. *Source Services Corp. v. Source Telecomputing Corp.,* 635 F.Supp. 600, 606 (N.D. Ill.1986) (Rovner, J.). Moreover, "[e]ach mark must be considered as a unit [and] individual elements should not form the basis of comparison" although "the dominent portion of a mark, if any, is entitled to

greater weight in evaluating the likelihood of confusion." *Id.* (citing to *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1430–31 (7th Cir.1985), *cert. denied,* 475 U.S. 1147, 106 S.Ct. 1801, 90 L.Ed.2d 346 (1986)). Finally "[q]uestions of degree [of similarity] are peculiarly jury questions." *Chicagoland JobSource,* 643 F.Supp. at 1528.

In this case, both parties use the letter "ISS" as a service mark. Nevertheless, there are some distinctions between the marks themselves as well as in the manner in which they are displayed. Imperial's mark depicts the ISS letters in a forty-five degree diagonal while International's letters are arranged in a straight line. *See* Appendix A. In addition, International uses a more stylized type of letters for its mark. Moreover, Imperial has presented no evidence which indicates that it uses the mark without more to represent its business or services. Imperial's mark is enclosed by a circle that is included within a rectangle along with the name "Imperial Service Systems, Inc." International's mark is printed in a linear fashion just prior to the words "International Services System, Inc." Although there are similarities between the marks and the manner in which they are presented, Imperial has failed to show that a "trial of [this] fact issue would yield a 'foregone conclusion.' " *Chicagoland JobSource,* 643 F.Supp. at 1529, *quoting Backes v. Valspar Corp.,* 783 F.2d 77, 78–79 (7th Cir.1986).

### b. Actual Confusion

Imperial has presented evidence which allegedly shows that there has been actual confusion among the consuming public. As stated by the Seventh Circuit, " '[t]here can be no more positive or substantial proof of the likelihood of confusion than proof of actual confusion.' " *International Kennel Club v. Mighty Star, Inc.,* 846 F.2d 1079, 1089 (7th Cir.1988), *quoting World Carpets, Inc. v. Dick Littrells New World Carpets,* 438 F.2d 482, 489 (5th Cir. 1971). Moreover, "while likelihood of confusion 'can be proven without any evidence of actual confusion, such evidence if avail-

able, is entitled to substantial weight.'" *Id.* at 1090, *quoting Helene Curtis Industries, Inc. v. Church and Dwight Co., Inc.,* 560 F.2d 1325, 1330 (7th Cir.1977), *cert. denied,* 434 U.S. 1070, 98 S.Ct. 1252, 55 L.Ed.2d 772 (1978). The weight given to evidence of actual confusion varies according to the identity of those confused, the value of the services involved, and the context in which the confusion occurs. *See Source Services,* 635 F.Supp. at 612–614; *Mile High Upholstery Fabric Co., Inc. v. The General Tire & Rubber Co., Inc.,* 221 U.S.P.Q. 217, 223 (N.D.Ill.1983) (Marshall, J.). Finally, the court notes that "isolated instances of actual confusion or misdirected mail have been held insufficient to sustain a finding of likelihood of confusion." *Union Carbide,* 531 F.2d at 383; *Source Services,* 635 F.Supp. at 612.

■ Imperial has presented the affidavits of three of its employees along with an excerpt from the deposition of Jeffrey Searles, an International employee, in support of its showing of actual confusion. *See* Maas Affidavit, ¶¶ 5–11; Coates Affidavit, ¶¶ 4–5. These individuals recount conversations that they had with individuals who were apparently confused as to the identities of the companies. International contends that this evidence should not be considered because it is based on inadmissible hearsay. The court overrules this objection.[2] The statements of the allegedly confused individuals are admissible to reflect their existing state of mind pursuant to Federal Rule of Evidence 803(3). *See Source Services,* 635 F.Supp. at 612; *International Kennel Club,* 846 F.2d at 1090. At least two of the six instances cited by Imperial seem to clearly reflect confusion. For example, one Imperial salesman made a sales call to the representative of a building. He stated his name, that he was from ISS Imperial, and asked for an appointment. Troy Deposition at 21–22. The building representative stated that ISS already cleans the building. Imperial did not have a contract with the building although

International did. *Id.* at 22–23. In the second incident, a supplier of cleaning products refused to supply International with goods after mistaking it with Imperial. Searles Deposition at 42–44. The mistaken identity was cleared up and the supplier provided the requested products. *Id.* The remaining four instances are less unequivocal.

In any event, Imperial has failed to place the above evidence of confusion into perspective. Consequently, this court cannot determine how much weight the evidence should be given. *See Mile High,* 221 U.S. P.Q. at 223; *Source Services,* 635 F.Supp. at 614. Moreover, there is no evidence that potential customers of Imperial have purchased International's services as a result of their confusion. *See Source Services,* 635 F.Supp. at 614. Thus, although there is no dispute that at least two individuals confused Imperial's services with those provided by International, the weight to be accorded this evidence remains an open question that must be determined by considering the other factors and the circumstances surrounding the confusion. *Id.; Mile High,* 221 U.S.P.Q. at 225 ("Plaintiff has offered evidence of some actual confusion but has failed to provide any facts enabling us to weigh that evidence.").

### c. Degree of Care Exercised by Consumers

The degree of care exercised by consumers of a product or service is determined by considering several factors including the expense of the service and the sophistication of the purchasers. *See, e.g., Schwinn Bicycle Co. v. Ross Bicycles, Inc.,* 678 F.Supp. 1336, 1346–47 (N.D.Ill.1988) (Hart, J.). In addition, where the cost of the service is high, "'the courts assume that purchasers are likely to be more discriminating than they might otherwise be.'" *Maxim's Ltd. v. Badonsky,* 772 F.2d 388, 393 (7th Cir.1985), *quoting* J. Gilson, Trademark Protection and Practice § 5.08 (1985);

---

**2.** The court further notes that the stringent evidentiary standard established by the *Victory Pipe Craftsmen, Inc. v. Faberge, Inc.,* 582 F.Supp. 551 (N.D.Ill.1984) (Nordberg, J.) decision has

been acknowledged and disregarded by the Seventh Circuit. *See International Kennel Club,* 846 F.2d at 1090.

*Chicagoland JobSource,* 643 F.Supp. at 1530.

■ The parties dispute the degree of care exercised by their consumers. It is undisputed that both Companies offer their services primarily to real estate owners and managers. The service contracts can involve substantial fees of up to $500,000 a year. Cavallo Deposition at 122–26. Moreover, there is a detailed bidding process. Scarles Affidavit ¶¶ 3–9; Gelber Affidavit ¶¶ 3–9; Cavallo Deposition at 133. Finally, the sales calls are made in person rather than through telephone marketing. Cavallo Deposition at 26–27, 112. International contends that the above facts would prevent any prospective customer from inadvertently purchasing services from the wrong company. Imperial, on the other hand, contends that any confusion which exists can cause a sales opportunity to be lost when the initial unsolicited inquiries are made. This dispute as well as the disputes concerning the similarity of the marks and the evidence of actual confusion present material issues of fact which preclude summary judgment on the issue of likelihood of confusion. *McGraw–Edison,* 787 F.2d at 1170; *Source Services,* 635 F.Supp. at 609. Consequently, summary judgment is inappropriate because Imperial has failed to demonstrate that it is entitled to relief as a matter of law.

### Conclusion

The plaintiff's motion for summary judgment as to Counts III and IV is denied for the foregoing reasons.

APPENDIX A