Gerald M. **SULLIVAN**, not individually but as a Trustee of: Plumbers' Pension Fund, Local 130, U.A.; Plumbers' Welfare Fund, Local 130, U.A.; The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A.; and Chicago Journeymen Plumbers' Local Union 130, U.S., Group Legal Services Plan Fund, Plaintiff,

v.

Terry **COX** d/b/a Central Emerald, Defendant.

No. 94 C 2363.

United States District Court, N.D. Illinois, Eastern Division.

July 7, 1995.

Thomas Edwards Brabec, Douglas Allan Lindsay, Blake T. Lynch, John William Loseman, Lewis, Overbeck & Furman, Chicago, IL, for plaintiff Gerald M. Sullivan.

William F. Fitzpatrick, Callahan, Fitzpatrick, LaKoma & McGlynn, Oak Lawn, IL, for defendant Terry Cox dba Central Emerald.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff, Gerald M. Sullivan, not individually, but as a Trustee of: Plumbers' Pension Fund, Local 130, U.A.; Plumbers' Welfare Fund, Local 130, U.A.; The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A.; and Chicago Journeymen Plumbers' Local Union 130, U.A., Group Legal Services Plan Fund (collectively referred to as "Funds"), sues defendant Terry Cox d/b/a Central Emerald ("Cox") for uncollected contributions to the Funds in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"). The Funds seek entry of summary judgment against Cox in the amount of all unpaid contributions revealed by the audit dated August 9, 1994, plus interest, penalties, additional damages, attorneys' fees, audit costs, and court costs. This Court's jurisdiction is proper under 29 U.S.C. § 1132(e).

## BACKGROUND

The following background facts have been drawn from the parties' Local Rule 12(M) and (N) Statements of Material Facts as to which there is no genuine issue and the accompanying exhibits, *see* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS LOCAL RULES Rule 12, as well as the various other pleadings and exhibits submitted to the Court in connection with the pending motions. The Funds are "employee benefit plans" and "plans" under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Plaintiff's Rule 12(M) Statement of Uncontested Facts ¶¶ 1, 4). Such Funds have been established pursuant to Collective Bargaining Agreements between Chicago Journeymen Plumbers' Union 130, U.A. ("Union"), and employer associations. (Rule 12(M) ¶ 5). Plaintiff is a trustee of the Funds, and is authorized to bring this action on their behalf. (Rule 12(M) ¶ 3).

On or about August 5, 1992, Cox executed both a Contractor's Registration Statement ("Registration"), and an Interim Agreement binding Cox to the June 1, 1992, Collective Bargaining Agreement ("Agreement") with the Union.[1] (Group Exhibit B, Interim Agreement ¶ 2, Contractor's Registration Statement). In the Registration, Cox ratified the Agreement and agreed to make contributions as provided for in the Agreement. (Contractor's Registration Statement ¶ 4). The Interim Agreement, as well as the Collective Bargaining Agreement, clearly requires that defendant make contributions to the Funds based on the number of hours worked by employees covered by the Agreement, and that defendant submit monthly itemized reports of such contributions. (Interim Agreement ¶¶ 3, 4, 7, Agreement, Article 6, §§ 6.7c–6.7d). The Agreement further requires that Cox allow the Funds to audit his records to ensure Cox's compliance with the Agreement. (Agreement, Article 3).

On June 10, 1994, this Court entered an Agreed Order in favor of Plaintiff and against Cox, requiring that Cox produce all of his books and records to Plaintiff for audit in accordance with Article 3 of the Agreement. (Court Order entered June 10, 1994). Subsequently, the certified public accounting firm of Kaplan & Company conducted an audit of Cox's records on behalf of the Funds. (Exhibit C, Affidavit of Howard J. Kaplan). On October 14, 1994, Kaplan & Company issued its Report of Audit Changes dated August 9, 1994, which revealed that Cox owed to the Funds the amount of $137,-933.56 in unpaid contributions, and that interest accrued on such amount at the rate of $1,601.20 per month after November 15, 1994. (Exhibit C(1), Report of Audit Changes).

## DISCUSSION

### I. *Summary Judgment Standard*

 Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The opposing party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment and may not rest upon allegations or denials of the pleadings." *Valentine v. Joliet Township High School Dist.,* 802 F.2d 981, 986 (7th Cir.1986). The court must view all evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.,* 822 F.2d 656, 659 (7th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987), and draw all reasonable inferences in that party's favor, *Santiago v. Lane,* 894 F.2d 218, 221 (7th Cir.1990). However, if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at

---

**1.** Although defendant disputes personal liability since he allegedly signed the Interim Agreement and Registration Statement in his capacity as president of Central Emerald Sewer Service, Inc., he never denies the fact that he actually signed the contracts. (Rule 12(M) ¶ 7).

2511; *Flip–Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1032 (7th Cir.), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988).

## II. *"Employer" Liability Under ERISA*

■ Cox is an "employer" under the Employee Retirement Income Security Act. ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of the employer, in relation to an employee benefit plan. . . ." 29 U.S.C. § 1002(5) (1995). "Person" means "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9) (1995). Defendant entered into the Union Agreement as an employer in association with the Funds, which are employee benefit plans, for the Central Emerald employees.

Defendant asserts that he emphasized his status as president of Central Emerald Sewer Service, Inc. at the time he signed the agreement and, therefore, bound the corporation, rather than himself personally, to make Fund contributions. However, defendant's bald assertion is lacking support from the record. Cox signed his name and stated "President" as his title within the corporation, "Central Emerald," in the Interim Agreement. Two main problems exist with his authorization of this Interim Agreement. First, the Agreement specifically required defendant to print the "Correct Legal Name of Business," yet Cox failed to state the full corporate name as Central Emerald Sewer Service, Inc.. Second, the 1992 Annual Report for Central Emerald Sewer Service, Inc. indicates that Jane E. Cox holds all offices, including president, within the corporation. (Plaintiff's Reply in Support of Motion for Summary Judgment, Exhibit B). If Cox is not a corporate officer for Central Emerald Sewer Service, Inc., then he had no authority to bind the corporation in the agreement. Therefore, he bound himself, personally, to uphold the Agreement.

In addition, defendant signed the Contractor's Registration Statement without any reference to the corporation. In fact, defendant wrote that the firm name was "Terry Cox" instead of Central Emerald Sewer Service, Inc. on the first line of the Registration. (Contractor's Registration Statement ¶ 1). Defendant accordingly bound himself to contribute to the Funds under the Registration Statement.

Defendant has admitted that he executed both the Contractor's Registration Statement and the Interim Agreement which binds him to the Collective Bargaining Agreement ("Agreement") with the Union. He is thereby obligated to file reports with the Union, make contributions to the Funds, and allow audits of his records to ensure compliance with his obligations. (Agreement, Articles 3 & 6).

Because defendant failed to file required reports and refused to allow the Funds to audit his records, plaintiff was forced to file this suit to obtain such audit and a judgment for any delinquency revealed by the audit. (Rule 12(M) ¶ 15). The Court Order entered on June 10, 1994, required defendant to submit his records to plaintiff for audit in accordance with the Agreement and ERISA. (Court Order entered June 10, 1994).

In accordance with the Court's Order, the certified public accounting firm of Kaplan & Company conducted an audit of defendant's records. (Affidavit of Howard J. Kaplan). On October 14, 1994, Kaplan & Company issued its Report of Audit Changes dated August 9, 1994. The Report revealed that defendant owed to the Funds the amount of $137,933.56 in unpaid contributions, plus interest at the rate of $1,601.20 per month after November 15, 1994. (Exhibit C(1), Report of Audit Changes).

■ ERISA, 29 U.S.C. § 1145, states the following concerning delinquent contributions:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145 (1995). By failing to pay contributions to the Funds as required by the Agreement, defendant violated both the Agreement and 29 U.S.C. § 1145. *See Chicago Painters' & Decorator's Pension Fund v. Sel–Cor Servs.*, No. 91 C 1119, 1992 WL 168796, 1992 U.S.Dist. LEXIS 10012 (N.D.Ill. July 9, 1992) (Hart, J.).

ERISA, 29 U.S.C. § 1132(g)(2) specifies the relief that Courts must award where employers fail to make contributions in accordance with § 1145. Section 1132(g)(2) states the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (I) interest on the unpaid contributions, or
>>
>> (II) liquidated damages provided or under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

■ As a Trustee of the Funds, plaintiff has the right to pursue this action directly against defendant, rather than attending arbitration, pursuant to 29 U.S.C. § 1132, and to recover on behalf of the Funds all amounts found due and owing as a result of the audit. *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984); *Local Union 597 v. Mosbeck Indus. Equip., Inc.*, 856 F.2d 837 (7th Cir.1988); *Central States, Southeast and Southwest Ar-eas Pension Fund v. Tank Transport, Inc.*, 779 F.Supp. 947 (N.D.Ill.1991).

■ Plaintiff is entitled to judgment pursuant to 29 U.S.C. § 1132(g)(2)(A)–(E) for the full amount of the delinquency revealed by the audit and all interest, additional interest or damages, reasonable attorneys' fees, and costs. "Where a fund has submitted evidence to establish the amount of contributions and where it has been shown that the employer failed to keep accurate records, the burden is on the employer to prove that the correct amount of contributions is otherwise." *Chicago Painters' & Decorators' Pension Fund*, 1992 WL 168796 at *3, 1992 U.S.Dist. LEXIS 10012, at *8–9. Although defendant argues that the audit was performed unfairly, he produces no records to contradict the auditor's report, only conclusory allegations. (Defendant's Memorandum Of Law In Opposition To Motion For Summary Judgment ¶ 3). Therefore, the reasonable assumptions of the trust auditor with respect to the amount of contributions due are presumed correct. *See Combs v. King*, 764 F.2d 818 (11th Cir.1985); *see also Brick Masons Pension Trust v. Industrial Fence & Supply*, 839 F.2d 1333 (9th Cir.1988). Cox's self-serving conclusory statement alleging unfair auditing practices, without any reference to supporting records, is insufficient to create a factual dispute.

## CONCLUSION

Accordingly, the Court finds that there is an absence of material issues of fact in this case, and plaintiff is entitled to judgment as a matter of law in his favor and against defendant, Terry Cox d/b/a Central Emerald. This Court hereby grants plaintiff's Motion for Summary Judgment against Cox in accordance with ERISA, 29 U.S.C. § 1132(g)(2), and awards plaintiff the amount of all unpaid contributions, interest on the unpaid contributions, liquidated damages, additional statutory interest, reasonable attorneys' fees, and costs. The plaintiff is given seven days to file an appropriate final judgment order in this case in accordance with this opinion and 29 U.S.C. § 1132(g)(2). The Clerk of the Court is directed to enter judgment for plain-

tiff and terminate this case upon the entry of the final judgment order.