**Gregg GUENIN and Guenin Enterprises, d/b/a Specialized Security System, Inc., Plaintiff,**

v.

**SENDRA CORPORATION, an Illinois corporation, Defendant.**

**Civ. No. F 87–310.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Dec. 8, 1988.

Gregg Guenin, Marion, Ind., pro se.

Samuel J. Betar, Paul J. Petit, Phillip J. Zisook, Altheimer & Gray, Chicago, Ill., J. Frank Kimbrough, Wilks & Kimbrough, Fort Wayne, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a motion for summary judgment filed by the defendant, Sendra Corporation (Sendra). Plaintiff, Gregg Guenin and Guenin Enter-

prises, d/b/a Specialized Security System, Inc. (Guenin), has responded in opposition to the motion, and defendant filed a reply. The court heard oral argument on November 29, 1988. For the following reasons, defendant's motion for summary judgment will be granted.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*, 106 S.Ct. at 2512; *Valentine v. Joliet Tp. High School Dist. No. 204*, 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact. *Celotex*, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78

L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S.Ct. at 2512.

### Procedural Posture and Factual Background

Plaintiff Guenin is a licensed firearms dealer residing and doing business in the state of Indiana. Defendant Sendra Corporation is incorporated under the laws of the state of Illinois and has its principal place of business in the state of Illinois. Plaintiff brought this action against Sendra alleging fraud, negligent misrepresentation and breach of contract. The facts from which this lawsuit arises, in the light most favorable to plaintiff, are as follows.

On or about May 15, 1986, Guenin ordered 35 M–15 AR–15 receivers (commonly known as machine guns) from Sendra, a licensed firearms manufacturer. Along with the order, Guenin forwarded a check in the amount of $1,750 as a deposit on the full purchase price of $5,250. Prior to submitting the order, Guenin spoke with Sen-

dra and was assured that the guns being ordered were in stock and available for delivery. Guenin needed to order guns that were already manufactured because he knew, as did Sendra, that federal legislation had been passed which was going to prohibit the sale of machine guns to individuals. The new law, 18 U.S.C. § 922(o), went into effect on May 19, 1986. Title 18, United States Code, Section 922(o) states:

(o)(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.

(2) This subsection does not apply with respect to—

(A) a transfer to or by, or possession by or under the authority of, the United States, or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or

(B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

Sendra submitted notices of manufacture of the guns in question, as required by law, on April 24, 1986. After receiving Guenin's order, Sendra submitted transfer applications on May 28, 1986, as required by law, to the Bureau of Alcohol, Tobacco and Firearms (ATF). More than one year later, in August, 1987, ATF notified Sendra of its denial of transfer of the guns in question. Shortly after receiving notice of ATF's disapprovals, Sendra wrote Guenin advising him of the denial of the transfer applications and refunded the $1,750 deposit Guenin had made.

ATF based its disapproval of the transfer on a random sample of Sendra's XM 15 E2 receivers taken on September 30, 1986.[1] Although the XM 15 E2 receivers were the same type of gun which Guenin ordered, the sampling did not include any of the receivers Sendra had agreed to sell Guenin. ATF refused to approve the registration of the guns to be sold to Guenin "because our inspection in July, 1986, revealed that the items you reported manufactured were not in a stage of the manufacturing process whereby they were National Firearms Act firearms ..." (Letter from ATF to Sendra dated August 11, 1987). Since ATF refused to accept registration of the guns, it denied the transfer applications because the guns were not registered.

On February 10, 1988, Sendra Corporation requested that ATF reconsider its disapproval of the transfer applications. Sendra pointed out that the completed receivers were segregated from the area inspected by ATF and were not viewed or sampled. To date ATF has not modified its ruling.

Guenin filed this lawsuit seeking $15,000 in damages for the lost profit from resale of the guns or for specific performance of the contract.

### Analysis

Sendra contends that summary judgment is appropriate on plaintiff's breach of contract claim because performance of the contract would be illegal. Plaintiff argues, however, that despite the illegality of the contract, Sendra's failure to properly comply with applicable law does not excuse Sendra's failure to perform or to pay damages caused by their nonperformance.

The general rule of law in Indiana is that parties to an agreement cannot enforce terms which contravene law. *Meehan v. Meehan*, 425 N.E.2d 157, 160 (Ind.1981). Where performance is rendered impossible by an act of law, nonperformance is excused. *Lutz v. New Albany City Plan Commission*, 230 Ind. 74, 101 N.E.2d 187, 190 (1951). The situation with which Sendra is faced is one of impossibility of per-

---

1. In defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, defendant states that ATF conducted the inspection of Sendra and took the random samples on September 30, 1986. The affidavit of Pamela Bauske also states that the random samples were taken during an ATF inspection on September 30, 1986. However, defendant's exhibit "E", which is a handwritten receipt for the samples taken, is dated May 30, 1986. Also, a letter dated August 11, 1987 from ATF to Sendra refers to the inspection in July, 1986. The specific date of the inspection and sampling is irrelevant since none of the guns to be sold to Guenin were sampled.

formance due to federal law. Sendra cannot transfer the machine guns at issue without approval from ATF.

Plaintiff relies on *Ludlow v. Free,* 222 Ind. 568, 55 N.E.2d 318 (1944), as an exception to the general rule regarding illegality which is applicable in this case. Unfortunately, plaintiff's reliance on *Ludlow* is misplaced. In *Ludlow,* the Indiana Supreme Court held the promisor liable without regard to the legal impossibility of performance, stating:

> When a promisor stipulates in a contract for the performance of a condition which he then knows can not [sic] be performed, and the impossibility of performance is unknown to the other party to the contract, the promisor must be held to have intended to make himself absolutely liable without regard to the performance of the condition.

*Id.* at 321, 55 N.E.2d 318.

Plaintiff erroneously argued at oral argument that the Indiana Supreme Court applied the above rule despite the nonperforming party's lack of knowledge at the time of entering the agreement. To the contrary, the supreme court in *Ludlow* specifically found that:

> At the time the agreement was made [the nonperforming parties] knew they had not taken the necessary steps to comply with said Act and were bound to know that an award of the Industrial Board would not be procured.

*Id.*

■ Therefore, the Indiana law applicable in this case is that absent knowledge of legal impossibility at the time of contracting, nonperformance is excused where an act of law renders performance impossible. *Meehan, supra; Ludlow, supra; Lutz, supra.*

The facts of this case clearly show that Sendra did not know at the time of accepting Guenin's order that performance would be legally impossible. Sendra had already submitted the requisite notice of manufacture of the guns in question at the time. Furthermore, shortly after receipt of the order, Sendra submitted the requisite transfer applications for the guns. Sendra

did not learn of ATF's disapproval of the transfer of plaintiff's guns until more than one year after the order. Subsequent to the ATF disapproval, Sendra requested a reconsideration of the determination and is prepared to fill Guenin's order should the legal impossibility be removed. In addition, Sendra submitted the affidavit of Pamela Bauske, a Sendra Corporation officer, who states that Sendra believed in April, 1986 and continues to believe that the guns in question were fully manufactured on or about April 24, 1986.

Plaintiff submits nothing to rebut the state of mind of Sendra at the time of contracting, but merely relies on his erroneous reading of *Ludlow* as creating an applicable exception to the general rule of law.

■ Since Sendra was unable to fill Guenin's order legally because the ATF disapproved the required transfer requests, and since Sendra did not know that ATF would disapprove the requests at the time of accepting Guenin's order, Sendra is excused from performance as a matter of law.

Sendra further contends that summary judgment should be granted on plaintiff's claim of fraud. Sendra argues that the statements made as to the state of manufacture of the guns at issue were representations as to matters of law, and thus, not actionable in fraud. Plaintiff argues, however, that whether the statements were ones of fact or law is an issue in itself which is in dispute and must be determined by the trier of fact.

Guenin does not dispute the basic rule of law that if the representations made as to the state of manufacture of the guns were legal opinions, then plaintiff could not maintain his action for fraud. *See Plymale v. Upright,* 419 N.E.2d 756, 768 (Ind. App.1981). Even if the statements were matters of fact, however, Guenin has failed to show any material fact in dispute that would establish fraud.

An essential element of fraud, which must be proven by a preponderance of the evidence, is that a material misrepresentation of past or existing fact was made with

knowledge that the representation was untrue or recklessly made. *South v. Colip,* 437 N.E.2d 494, 498 (Ind.App.1982); *Fleetwood v. Mirich,* 404 N.E.2d 38 (Ind.App. 1980).

Guenin alleges that Sendra materially misrepresented the fact that the guns ordered by Guenin "were presently manufactured and in stock at the company's offices ..." (Amended Complaint.) Sendra submitted evidence that the guns were in fact manufactured on April 24, 1986, through the affidavit of Pamela Bauske and copies of the Notice of Firearms Manufactured or Imported. Sendra also submitted documentation that shows that the guns sampled by ATF did not include any of the ones intended for sale to Guenin.

Guenin bears the ultimate burden of proof of misrepresentation in this case and must present sufficient evidence at this point upon which a jury could reasonably find for him. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Valentine v. Joliet Tp. High School Dist. No. 204,* 802 F.2d 981, 986 (7th Cir.1986). However, Guenin failed to produce any evidence to rebut Sendra's proof of manufacture. What Guenin submits is his affidavit which merely states that he had no reason to believe that the guns were not manufactured and that a completely manufactured automatic receiver is easily identified by one with knowledge of automatic weapons. Neither of these facts is sufficient to create a dispute as to whether the guns were in fact manufactured or not. The ATF determination of nonmanufacture upon which Guenin relies was based upon an inspection of guns other than the ones Sendra said were manufactured. There is not one scintilla of evidence presented to support Guenin's contention that Sendra's statement concerning the state of manufacture was fraudulent. Therefore, Sendra is entitled to summary judgment on the fraud claim as a matter of law.

█ Sendra finally argues that summary judgment should be granted on Guenin's claim of negligent misrepresentation because Indiana courts only recognize such a tort where professionals in the business of providing information to others are involved or where there is an employer-employee relationship. Guenin contends, however, that this court should expand the analysis to include a working or business relationship.

The tort of negligent misrepresentation has received very limited acceptance in Indiana. In *English Coal Co. v. Durcholz,* 422 N.E.2d 302, 310 (Ind.App.1981), the court refused to recognize the new tort. However, in *Essex v. Ryan,* 446 N.E.2d 368, 370–71 (Ind.App.1983), the court recognized an action for negligent misrepresentation as it applies to professionals required to give information to others. In *Eby v. York–Division, Borg–Warner,* 455 N.E.2d 623, 628 (Ind.App.1983), the court expanded the "limited exception" to include the employer-employee relationship. Yet, a more recent case stated, "negligent misrepresentation may not be a recognized theory of recovery ..." *United Leaseshares, Inc. v. Citizens Bank & Trust Co.,* 470 N.E.2d 1383, 1390 (Ind.App.1984).

Recently, the Seventh Circuit stated in *Industrial Dredging & Engineering v. Southern Indiana Gas & Electric Co.,* 840 F.2d 523 (7th Cir.1988), that:

> Indiana courts have consistently refused to extend the tort of negligent misrepresentation beyond the employment context. We are reluctant to adopt a more expansive view of the tort than that adopted to date in Indiana.

*Id.* at 526.

This court finds no reason to depart from the Seventh Circuit's guidance on this issue. Therefore, since Sendra was neither a professional in the business of giving information nor an employer to Guenin, there is no cause of action for negligent misrepresentation and Sendra is entitled to summary judgment.

### Conclusion

For the reasons stated above, defendant's motion for summary judgment on plaintiff's claims for breach of contract,

fraud and negligent misrepresentation is GRANTED.