John R. Price, Burroughs & Price, Indianapolis, Ind. and John C. Grimm, Grimm & Grimm, P.C., Auburn, Ind., for plaintiffs.

.Derrell Wynn **HARTBARGER,** et al.

v.

**BLACKFORD COUNTY DEPARTMENT OF PUBLIC WELFARE; Richard Pickering; Rik Rhodes; Teresa Oxley; Dick Squires; George G. Meehan; and Jerry L. Ball (Bell).**

**Civ. No. F 87–206.**

United States District Court, N.D. Indiana, Fort Wayne Division.

March 29, 1990.

William E. Ervin, Ervin, Barry & Beymar, Hartford City, Ind., for Blackford Welfare Dept.

James J. Shea, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind. and Robert G. Forbes, Forcum & Forbes, Hartford City, Ind., for Pickering, Rhodes, Oxley and Squires.

James S. Stephenson and William W. Kurnik, Stephenson & Kurnik, Indianapolis, Ind., for Meehan and Bell.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on motion for summary judgment filed by defendants

Meehan and Bell on January 22, 1990. The plaintiffs responded to the motion on January 26, 1990. A hearing was held on March 22, 1990 to clarify the positions of the parties. For the following reasons the defendants' motion will be granted.

### Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 2512; *In re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Tp. High School Dist. No. 204*, 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex*, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to with-

stand summary judgment. *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.*, 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S.Ct. at 2512.

### Discussion

On July 22, 1986, the plaintiff, Shirley Jean Hartbarger, was arrested by officers of the Blackford County Sheriff's department and transferred to the custody of the Jay County Sheriff's Department where she was incarcerated for eight days. Hartbarger was seven months pregnant at the time. Hartbarger's husband, Derrell Hartbarger, was arrested at the same time and held at the Blackford County Jail. The Hartbargers' eight children were taken into

custody by the Blackford County Welfare Department at the time of their parents' arrest.

In her complaint, Hartbarger alleges that defendant George G. Meehan, Sheriff of Jay County, and defendant Jerry L. Bell, Chief Deputy for Jay County, repeatedly denied her requests for aspirin and other medication and denied her access to medical care after she requested to see a doctor. Hartbarger alleges that she was given a form to fill out to request a doctor. She claims that she filled out the form and checked the box which indicated that she wanted to see a doctor. When no doctor was summoned for her, she was told that she had improperly completed the form because she had not written in a reason for wanting to see a doctor. Hartbarger states that although she was seven months pregnant at the time of her incarceration, unable to sleep, in pain and discomfort and emotionally upset about her separation from her children, she was not permitted to see a doctor during the eight days she was in jail.

Defendants Meehan and Bell have submitted affidavits in which they state that they had seen Hartbarger more than once while she was in the jail, but that she never asked either of them to provide her with medication or to see a doctor nor did either of them deny her requests. Meehan and Bell further swear that no other employees of the Sheriff's Department informed them of Hartbarger's requests. Finally, Meehan and Bell swear that they had no knowledge that any employees at the jail had refused Hartbarger's requests for medical attention. Hartbarger concedes that neither defendant personally deprived her of medical attention.

Defendants contend that summary judgment should be granted in their favor because they are protected from suit by qualified immunity. This presents a different issue than the factual determination of whether a woman in her seventh month of pregnancy has a serious medical condition in need of attention. The defendants argue that based on the undisputed facts, no officer of reasonable competence would conclude that, by failing to take any action upon observing a woman in her seventh month of pregnancy, in no apparent distress, the woman's constitutional rights were violated. This presents a question of law for the court to decide based upon the specific facts of this case.

■ Officials performing discretionary functions are entitled to qualified immunity from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Schertz v. Waupaca County*, 875 F.2d 578, 583 (7th Cir.1989). In order to be deemed "clearly established" under *Harlow*, the constitutional right allegedly violated must be specifically defined, such that:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right.... In light of the preexisting law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Thus, plaintiffs must demonstrate that a reasonable official, confronted with the specific facts at issue and the law in effect at the time, would have known that his conduct violated the plaintiff's constitutional rights. *Anderson*, 107 S.Ct at 3039; *Schertz*, 875 F.2d at 583. The issue of qualified immunity is a legal question for the trial court, not one of the jury. *Rakovich v. Wade*, 850 F.2d 1180, 1201–02 (7th Cir.1988). It is incumbent upon the plaintiffs to carry the burden of establishing that the right was clearly established at the relevant time. *Id.* at 1209.

The defendants strongly assert that officers of reasonable competence would not have known that a woman who was seven months pregnant had a medical need, that the medical need was serious, and that by failing to act, they demonstrated a deliberate indifference to that serious medical need. Defendants conclude that their failure to take affirmative acts was not clearly prohibited by the Constitution and, consequently, they are entitled to qualified immunity.

In response, the plaintiffs rely on this court's January 9, 1990 order in which the defendants' earlier motion for summary judgment was denied. In that order this court held that the defendants may be held responsible for deliberate indifference to a medical condition despite the fact that they were not aware of plaintiff's distress and her accompanying requests for medical assistance.

■ Here the court notes that the specific issue before the court at the time the January 9, 1990 order was entered was whether the defendants were entitled to judgment as a matter of law due to their lack of personal involvement. A distinctly different issue is now before the court. The defendants have now raised the defense of qualified immunity. In deciding whether the defendants are entitled to qualified immunity the court notes a recent Seventh Circuit case which states:

> [A] qualified immunity analysis entails a purely objective inquiry to determine whether, at the time of the alleged illegal act, the right asserted by the plaintiff was clearly established in the particular factual context presented. *Polenz v. Parrott*, 883 F.2d 551 (7th Cir.1989). This objective analysis is less fact bound than a subjective analysis, making summary judgment a practical and effective means of terminating unnecessary litigation. The necessity of protecting government officials from the cost of trial and burdens of discovery, whenever possible, supports the increased use of summary judgment. *Rakovich v. Wade*, 850 F.2d 1180, 1205 (7th Cir.1988).

*Hedge v. County of Tippecanoe*, 890 F.2d 4, 7 (7th Cir.1989).

In applying this objective analysis, this court must determine what a reasonable jail commander would have known based on the circumstances surrounding Hartbarger's incarceration. The facts, construed most favorably for the plaintiffs, show that Hartbarger was seven months pregnant at the time of her incarceration, that she was in medical distress and requested medical attention from jail personnel, that her requests for medical attention were denied, that the jail is a very small facility (only 1200 square feet) and that a fellow inmate was aware of Hartbarger's requests. The facts also establish that defendants Meehan and Bell were never asked by Hartbarger to provide her with medical attention, that they knew she was pregnant but did not know of her medical distress, that they did not know of her requests for medical attention and that they did not know that her requests were denied.

Plaintiffs argue that the reasonable inference to be drawn from these facts is that Meehan and Bell were deliberately indifferent to Hartbarger's serious medical condition because the facility is small enough that they should have known of her distress and requests, especially when others, such as a fellow inmate, knew of her situation. This court feels that such an inference is not reasonable. The fact that a fellow inmate observed Hartbarger's distress and overheard her requests for medical assistance does not infer that the jail command had the same vantage point or the same amount of idle time as the fellow inmate to make such observations.

Contrary to plaintiffs' counsel's assertions at oral argument, there is nothing in the record before this court to infer that defendants Meehan and Bell actually knew of Hartbarger's distress. There is also nothing in the record to indicate that the defendants deliberately avoided any knowledge regarding Hartbarger's condition. The knowledge of her advanced stage of pregnancy is insufficient by itself to put a reasonable jail commander on notice that an inmate has a serious medical condition. Absent any knowledge of a serious medical condition, Meehan and Bell could not have violated Hartbarger's constitutional rights by failing to provide her with medical attention. Consequently, the defendants' are entitled to qualified immunity.

### Conclusion

For the foregoing reasons defendants' motion for summary judgment is hereby GRANTED.