**816**

INDIANA GAS COMPANY,
INC., et al., Plaintiffs,

v.

AETNA CASUALTY & SURETY
COMPANY, et al.,
Defendants.

Civil No. 1:95cv101.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 2, 1996.

Sherrill W. Colvin, Haller and Colvin, Fort Wayne, IN, Ronald E. Christian, Whitney E. Bakley, Indiana Gas Company, Indianapolis, IN, Edward P. Henneberry, Ezra C. Levine, Peter C. Condron, Howrey and Simon, Washington, DC, Charles H. Samel, Howrey and Simon, Los Angeles, CA, for Plaintiffs.

J. Frank Kimbrough, Wilks and Kimbrough, Fort Wayne, IN, Scott H. Sirich,

Plunkett and Cooney, Detroit, MI, Charles W. Browning, Kenneth C. Newa, Stephen P. Brown, Richard G. Szymczak, Aetna Casualty and Surety Company, Detroit, MI, Thomas W. Yoder, Miller Carson Boxberger and Murphy, Fort Wayne, IN, Patrick Cremin, Michael J. Sehr, Audrey S. Hanrahan, Jerome J. Duchowicz, Haskell and Perrin, Chicago, IL, James S. Felt, Steptoe and Johnson, Washington, DC, David J. Bloss, Grand Rapids, MI, Dennis F. Cantrell, Bingham Summers Welsh and Spilman, Indianapolis, IN, Erik H. Aldeborgh, Boston, MA, Michael D. Ramsey, James E. Rocap, Jr., Rocap Witchger and Threlkeld, Indianapolis, IN, Thomas J. Quinn, Stephen Thomas Roberts, Robert J. Keane, Mendes and Mount, New York City, Kandice L. Kilkelly, Rocap Witchger and Threlkeld, Indianapolis, IN, William L. Sweet, Jr., Beckman Lawson Sandler Snyder and Federoff, Fort Wayne, IN, Brian S. Fraser, Arthur S. Greenspan, Kenneth Held, Richards Spears Kibbs and Orbe, New York City, Kenneth W. Biermacher, Dallas, TX, William Anaya, James S. Stickles, Janet A. Kachoyeanos, Johnson and Bell LTD, Chicago, IL, Mary K. Reeder, Riley Bennett and Egloff, Indianapolis, IN, Kathy P. Waring, Sonia S. Waisman, Luce Forward Hamilton and Scripps, San Diego, CA, Arthur G. Surguine, Hunt Suedhoff Borror and Eilbacher, Fort Wayne, IN, Karen H. Flax, Robert C. Johnson, Sonnenschein Nath and Rosenthal, Chicago, IL, for Defendants.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a "Motion for Summary Judgment on the Issue of 'Damages'", filed by the defendant Aetna Casualty & Surety Company ("Aetna") on July 10, 1996. The parties completed briefing the motion on August 9, 1996.

### Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Howev-

er, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id. In Re Matter of Wildman,* 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan,* 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204,* 802 F.2d 981, 986 (7th Cir.1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt,* 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.,* 700 F.Supp. 973, 974 (N.D.Ind.1988);

*Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. *See, Waldridge v. American Hoechst Corp. et al.,* 24 F.3d 918 (7th Cir.1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson,* 477 U.S. at 249–251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56; *First National Bank of Cicero v. Lewco Securities Corp.,* 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir.1983).

### Discussion

The plaintiffs, Indiana Gas Company, Inc., Richmond Gas Corporation and Terre Haute Gas Corporation (collectively "Indiana Gas"), commenced this action by filing a complaint for declaratory judgment and breach of contract because of the refusal of the five remaining defendant insurance companies to pay claims for third-party property damage tendered to them by Indiana Gas under comprehensive general liability insurance policies. According to Indiana Gas, the underlying property damage arises out of the historical gas manufacturing operations that took place at certain properties now owned by Indiana Gas.

From the early 1800's until natural gas became widely available in the 1940's and 1950's, gas for heating, lighting and cooking was manufactured by superheating coal and, later, coal combined with oil. During the manufactured gas era, more than 1,500 cities and towns across the country had a town gas plant that manufactured and stored gas until it was distributed directly to the homes and businesses of the town through a pressurized underground gas pipeline distribution system. The gas manufacturing process created tar, as well as other residuals and wastes, as a by-product. Unfortunately, the residuals, wastes and by-products from the gas manufacturing process contained hazardous constituents, such as benzene, which have been discovered in the subsurface soil and groundwater at properties where these manufactured gas plants ("MGPs") were operated. Nine such former MGP sites: Shelbyville, Lafayette, Bedford, Greencastle, Huntington,

Marion, Richmond, Seymour, and Terre Haute, Indiana, are at issue in the claims for property damage which underlie this lawsuit for insurance coverage.

Indiana Gas claims that it has incurred and will continue to incur millions of dollars in liabilities as the result of state and federal law requirements to respond to the property damage at and near certain former MGP sites. According to Indiana Gas, damage to groundwater beneath the former MGP sites from subsurface leaching and migration began at most locations prior to 1955 and continues to the present day.

In support of its motion for summary judgment [1], Aetna argues that Indiana Gas' environmental clean up costs are not damages under the Aetna policies. The Aetna policies at issue provide:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies . . . .

Aetna argues that the clear and unambiguous meaning of the phrase "legally obligated to pay as damages" is to restrict insurance coverage to claims seeking monetary compensation. Aetna contends that its policies do not provide coverage for costs attendant to compliance with injunctions, restitutional remedies or mitigation expenses which are equitable in nature. Aetna asserts that Indiana Gas seeks the reimbursement of costs incurred in compliance with environmental regulations and statutes which are equitable in nature and, thus, such costs are not payable "as damages" under the policy.

Aetna relies on *Maryland Casualty Co. v. Armco, Inc.,* 643 F.Supp. 430, 432 (D.Md. 1986), *aff'd,* 822 F.2d 1348 (4th Cir.1987), *Continental Insurance Company v. Northeastern Pharmaceutical and Chemical Companies,* 842 F.2d 977 (8th Cir.1988) (hereinafter *"NEPACCO"*), and *Ulrich Chemical, Inc. v. American States Insurance Co.,* Cause No. 73C01–8901–CP–016, 1990 WL 484974 (Ind.Cir.Ct. Shelby Cty. July 26, 1990). Indiana Gas acknowledges that these

---

1. Other defendants have joined Aetna's motion for summary judgment.

three cases held that a policyholder's costs in complying with injunctions and reimbursing the government for remedial costs does not constitute "damages" in a legal sense but rather is equitable relief which is outside the coverage of the policy. However, Indiana Gas argues that the term "damages" is not defined in Aetna's policies and, thus, under Indiana law, "damages" must be given its ordinary meaning. *See Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985); *Asbury v. Indiana Union Mut. Ins. Co.*, 441 N.E.2d 232, 237 (Ind.App.1982). Moreover, Indiana Gas points out that an Indiana court, in construing the meaning of the same policy language at issue here, held that:

> The plain meaning of the term "damages" includes environmental cleanup and response costs for which a third party or governmental entity seeks recovery or *incurred by a policyholder as a result of action taken by the third party or governmental entity.*

*Dana Corp. v. Hartford Accident & Indemnity Co.*, Cause No. 49D01–9301–CP–0026 (Ind.Super.Ct. Marion Cty. Dec. 28, 1995).

Additionally, Indiana Gas notes that the two federal cases cited by Aetna have been discredited, and each of those cases is relied upon by the court in the one Indiana case cited by Aetna.

This court has considered the authorities cited by both parties and finds the *Dana Corp.* decision to be the better reasoned opinion. In *Dana Corp.*, the court applied Indiana law concerning insurance contract construction, rejected the insurer's argument and determined that the policyholder of average intelligence would never make such a technical distinction between legal and equitable relief. *Id.* at 20. Other courts construing Indiana law have also held that the undefined term "damages" in comprehensive general liability policies encompasses response costs imposed to remediate environmental property damage. *Sam Winer & Co. v. Commercial Union Ins. Co.*, Cause No. 20D01–9207–CP–347 (Ind.Super.Ct. Elkhart

Cty. Feb. 18, 1994); *Riverside Oil, Inc. v. Federated Mut. Ins. Co.*, Cause No. 94–2038, 1994 WL 904293 at *5 & 6, 1994 U.S.Dist. LEXIS 20394, at *17–19 (C.D.Ill. Aug. 19, 1994).

Additionally, the vast majority of courts applying the law of other jurisdictions also have held that the plain meaning of the term "damages" includes a policyholder's environmental cleanup and response costs[2]. *See, e.g., Bausch & Lomb, Inc. v. Utica Mut. Ins. Co.*, 330 Md. 758, 625 A.2d 1021, 1033 (1993); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 180 Ill.Dec. 691, 703, 607 N.E.2d 1204, 1216 (1992); *A.Y. McDonald Indus., Inc. v. Insurance Co. of N.Am.*, 475 N.W.2d 607, 620 (Iowa 1991); *Boeing Co. v. Aetna Casualty & Surety Co.*, 113 Wash.2d 869, 784 P.2d 507, 511 (1990).

These and other cases have found that environmental remediation costs are essentially compensatory damages for injury to property, even if one accepts the notion that these costs may nominally be characterized as seeking "equitable" relief:

> [W]hether the insured must reimburse a party for the cost of cleaning the property or undertake measures itself to cure the injury inflicted upon the environment, the basis is the same: the amount of money spent to remedy property damage caused by the policyholder.

*United States Fidelity & Guar. Co. v. Specialty Coating Co.*, 180 Ill.App.3d 378, 535 N.E.2d 1071, 1081 (1989). Similarly, in *United States Aviex Co. v. Travelers Insurance Co.*, 125 Mich.App. 579, 336 N.W.2d 838, 843 (App.1983), the court held:

> If the state were to sue in court to recover traditional "damages", including the state's costs incurred in cleaning up the contamination, for the injury to the groundwater, defendant's obligation to defend against the lawsuit and to pay damages would be clear. It is merely fortuitous from the standpoint of either plaintiff or defendant that the state has chosen to have plaintiff remedy the contamination problem, rather

---

**2.** The *Dana Corp.* court (at p. 18) noted that the majority of courts that have considered this issue have held by almost a 10-to-1 margin that "damages" includes response costs imposed to remediate environmental damages.

than choosing to incur the costs of clean-up itself and then suing plaintiff to recover those costs.

This court finds that the term "damages" should be given its ordinary meaning. Thus, it is this court's ruling that the term "damages" encompasses sums paid by Indiana Gas as environmental response costs. Accordingly, Aetna's motion for summary judgment will be denied.

### Conclusion

For all of the foregoing reasons, Aetna's motion for summary judgment (as joined by the other defendants) on the issue of "damages" is hereby DENIED.