**Yvette D. BOYD, Plaintiff,**

v.

**Lewis K. HERRON, et al., Defendants.**

**No. Civ. 1:97cv213.**

United States District Court, N.D. Indiana, Fort Wayne Division.

March 15, 1999.

Christopher C. Myers, Myers and Geisleman, Samuel L. Bolinger, Fort Wayne, IN, for Plaintiff.

John O. Feighner, Haller and Colvin, Daniel J. Palmer, Hunt and Suedhoff, Robert W. Eherenman, Haller and Colvin, Fort Wayne, IN, for Defendants.

*ORDER*

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a motion for summary judgment filed by the defendant Joseph M. Squadrito ("Squadrito") on January 14, 1999. The parties completed briefing the motion on February 18, 1999. For the following reasons the motion will be granted.

*Summary Judgment Standard*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party ne-

gate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id. In re Matter of Wildman,* 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan,* 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Township High School District No. 204,* 802 F.2d 981, 986 (7th Cir.1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 322 (7th Cir.1992) (quoting *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment.

*Goka v. Bobbitt,* 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.,* 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. *See, Waldridge v. American Hoechst Corp. et al.,* 24 F.3d 918 (7th Cir.1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson,* 477 U.S. at 249–251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed. R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the materi-

al facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348; *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–252, 106 S.Ct. 2505. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir.1983).

### Discussion

On May 8, 1998, the plaintiff, Yvette D. Boyd ("Boyd"), filed her first amended complaint against defendants Lewis K. Herron ("Herron"), Michael L. West ("West"), and Squadrito. Squadrito was the Sheriff of Allen County at the time Boyd was incarcerated in the Allen County Jail. Herron and West were Allen County Jail Guards. Boyd's amended complaint alleged that Herron and West, in their individual capacities, violated her civil rights by sexually assaulting her while she was incarcerated in the Allen County Jail. Boyd's claim against Squadrito alleges that he "is liable for the acts of [Herron and West]" and "is responsible for the harms and injuries suffered by Yvette D. Boyd as a result of the conduct of Herron and West."[1] Boyd sued Herron and West under 42 U.S.C. § 1983. However, the only cause of action alleged against Squadrito is a pendent state law claim of vicarious liability under the tort doctrine of *respondeat superior.*

In the present motion, Squadrito seeks summary judgment on two issues: (1) whether Squadrito is responsible to defend or pay any money judgment entered against Herron or West as a result of entry of default; and (2) whether Boyd's pendent state law claim against Squadrito should be dismissed with leave to file the claim in state court.

▮ Allen County has enacted a local ordinance, Allen County Code 1–4–1, which contains a defense and indemnification agreement for its public employees. The Defense and Indemnification Agreement provides that "coverage does not include acts done by such officials and employees which are criminal in nature, outside the scope of employment or wilful or wanton direct violations of laws, statutes, ordinances or regulations, for which the County would otherwise be additionally responsible because of the doctrine of *respondeat superior.*"

▮ In light of this ordinance, Boyd has conceded that Squadrito is not liable for any damages that may be awarded against defendants Herron and West. Accordingly the only remaining issue is whether this court should exercise supplemental jurisdiction over Boyd's state law tort claim. 28 U.S.C. § 1367 governs supplemental jurisdiction. Section 1367(c) provides the relevant factors the court should consider. First, the court should decide whether the "claim raises a novel or complex issue of state law." 28 U.S.C. § 1367(c)(1). Squadrito has conceded that the *respondeat superior* issues are not particularly complex or novel.

The second factor is whether the state law "claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). In the present case, the only substantive issues remaining are those related to Boyd's state law claim. Liability pursuant to § 1983 has already been determined against Herron and West. Thus, as a result of the entry of default against

---

**1.** Amended Complaint, ¶ 32.

Herron and West, Boyd's state tort claim is the only issue remaining in the case.

The third factor is whether "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although Boyd's federal claim against Herron and West has not been dismissed, Herron and West have defaulted on the claims against them and the only remaining issue pertains to the amount of damages to be awarded. Clearly, the federal claim itself is not at issue. This case is now simply a state law tort claim. There are no remaining substantive liability issues under § 1983, and federal jurisdiction is no longer justified under 28 U.S.C. § 1367. Accordingly, Boyd's state law claim will be dismissed.

### Conclusion

For all of the foregoing reasons, Squadrito's motion for summary judgment is hereby GRANTED. Boyd's state law claim is hereby DISMISSED with leave to file in the appropriate state court.