**Patrick Michael FITZPATRICK, et al, Plaintiffs,**

**v.**

**WINN–DIXIE MONTGOMERY, INC., et al., Defendants.**

**Civil Action No. 00–A–632–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Aug. 15, 2001.

---

Banks Thomas Smith, Dothan, AL, for plaintiff.

William F. Gardner, R. Taylor Abbot, Birmingham, AL, for defendants.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

#### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by Defendant Winn–Dixie Montgomery, Inc. (Doc. # 17) filed on June 12, 2001.

Patrick Michael Fitzpatrick, Carlton Junior Williams, Loretta Wright, and Kay Annette Fitzpatrick filed a Complaint in this case bringing claims against Winn– Dixie Montgomery, Inc. and Tim Yelverton for violation of Title VII of the Civil Rights Act of 1964 and for violations of state tort law.

On February 20, 2001, this court granted a Motion for Default Judgment against Defendant Tim Yelverton and entered a default judgment in favor of the Plaintiffs and against Tim Yelverton. On May 14, 2001, Plaintiff Carlton Junior Williams was dismissed with prejudice upon joint motion of the parties.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to the Title VII claims and the state law claims against Winn– Dixie Montgomery, Inc. ("Winn–Dixie") are due to be DISMISSED without prejudice.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district

court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The summary judgment rule is to be applied in employment discrimination cases as in any other case. *Chapman v. AI Transport,* 229 F.3d 1012, 1026 (11th Cir.2000)(*en banc*).

### III. *FACTS*

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

Plaintiff Patrick Michael Fitzpatrick, a male, was an employee of a Winn–Dixie store in Ozark, Alabama. Plaintiff Loretta H. Wright, a female, was likewise an employee of the Winn–Dixie store in Ozark, Alabama. Kay Annette Fitzpatrick is the mother of Patrick Michael Fitzpatrick. Tim Yelverton was a Junior Assistant Manager at the store.

It is without dispute, at least for purposes of the summary judgment motion, that Tim Yelverton engaged in reprehensible behavior toward the Plaintiffs. He engaged in behavior such as calling Patrick Michael Fitzpatrick ("Fitzpatrick") "queer" over the public address system, using profanity and calling Loretta H. Wright ("Wright") a lesbian on repeated occasions, and telling persons, including but not limited to Patrick Michael Fitzpatrick, that he was having a sexual relationship with Kay Annette Fitzpatrick ("Kay Fitzpatrick"). These facts, among others, form the basis of these Plaintiffs' claims.

### IV. *DISCUSSION*

#### 1. Title VII Harassment Claims

■ Both Fitzpatrick and Wright bring claims that Tim Yelverton sexually harassed them. To prevail on a claim of sexual harassment, a plaintiff must show that (1) he or she belongs to a protected group; (2) the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) the harassment must have been based on the sex of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Gupta v. Florida Board of Regents,* 212 F.3d 571, 582 (11th Cir.2000).

■ In this case, Fitzpatrick and Wright are of different sexes. Therefore, even assuming that Tim Yelverton's conduct would meet all of the other elements of a sexual harassment claim, Fitzpatrick and Wright cannot establish that the harassment was based on the sex of the

**1306**

employee. As the Eleventh Circuit has noted, where a supervisor makes sexual overtures to employees of both genders, or where the conduct is equally offensive to male and female workers, the conduct may be actionable under state law, but it is not actionable as harassment under Title VII because men and women are accorded like treatment. *Henson v. City of Dundee,* 682 F.2d 897, 904 (11th Cir.1982); *see also Oncale v. Sundowner Offshore Services,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)(stating that under Title VII the issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed).

▮Fitzpatrick and Wright attempt to avoid the application of this case law to their claims by arguing that because Tim Yelverton couched his harassment in terms of Fitzpatrick and Wright being homosexual, his harassment was based on their sex because he "treated these employees that he thought were homosexual differently than he treated employees that he thought were heterosexual." Plaintiffs' Brief in Opposition, page 23.

Sexual orientation is not a protected class under Title VII. *See Fredette v. BVP Management Assoc.,* 112 F.3d 1503, 1510 (11th Cir.1997). Furthermore, as Winn–Dixie points out, the Seventh Circuit has concluded that harassing someone because of that person's sexual orientation is not harassment because of gender. *See Spearman v. Ford Motor Co.,* 231 F.3d 1080 (7th Cir.2000). Accordingly, the Motion for Summary Judgment is due to be GRANTED as to the Title VII claim.

### 2. State Law Claims

This court has supplemental jurisdiction over the state law claims asserted against

Winn–Dixie. 28 U.S.C. § 1367(a). A court may, however, decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

▮The claims asserted against Winn–Dixie include a claim for outrageous conduct, a claim for invasion of privacy, and a claim of assault and battery, based on the actions of Tim Yelverton and others. First, because summary judgment is due to be granted as to the Title VII claims, no claims remain against Winn–Dixie over which this court original jurisdiction. Second, the issues of whether harassment on the basis sexual orientation can be the basis for an outrageous conduct claim under Alabama law and whether statements made publicly in a store can constitute "publicity" for purposes of an invasion of privacy claim present novel or complex issues of state law which are better addressed by the state courts. The court determines, therefore, that it should exercise its discretion to decline supplemental jurisdiction over the state law claims asserted against Winn Dixie.

▮The court notes there is another basis for supplemental jurisdiction over the state law claims against Winn–Dixie in this case; namely, the Title VII claim brought against Tim Yelverton.[1] The

---

1. Of course, there can be no Title VII claim against an individual, *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991), and, as previously discussed, sexual orientation cannot form the basis of a Title VII claim.

court still finds, however, that it should decline to exercise supplemental jurisdiction over state law claims against Winn–Dixie. Default judgment has been entered against Tim Yelverton, thereby deciding issues of liability, and only the question of damages remains. The only substantive issues which would be presented in this case are the state law claims asserted against Winn–Dixie.

Another federal district court addressed similar circumstances and declined to exercise supplemental jurisdiction over state law claims where a default judgment had been entered as to liability on federal claims against some defendants, reasoning that the state law claims pending against another defendant substantially predominated and were the only claims remaining in the case. *Boyd v. Herron,* 39 F.Supp.2d 1129 (N.D.Ind.1999). The court is persuaded by this reasoning and concludes that under the circumstances in this case where a default judgment has been entered against the individual defendant, the only claims remaining are state law claims brought against Winn Dixie. To the extent that a federal claim remains against the individual, the state law claims substantially predominate over the damage issue which is the only issue remaining in the federal claim. The court concludes, therefore, that it will decline to exercise supplemental jurisdiction over the state law claims asserted against Winn–Dixie.

### V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be GRANTED as to the Title VII claims asserted against Winn–Dixie and the state law claims are due to be DISMISSED without prejudice. A separate Order will be entered in accordance with this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion, it hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. #17) is GRANTED as to the Title VII claims against Winn-Dixie Montgomery, Inc. and judgment is entered in favor of Winn-Dixie Montgomery, Inc. and against the Plaintiffs on those claims.

2. The state law claims asserted by the Plaintiffs against Winn-Dixie Montgomery, Inc. are DISMISSED without prejudice to their being timely filed in state court.

3. The Plaintiffs' claims for damages as against Tim Yelverton are set for jury trial on October 15, 2001.